**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq. (SD-0016)
Ross H. Schmierer, Esq. (RS-7215)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
rschmierer@denittislaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD F. BROWNE, JR., Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br>v.<br><br>JOHN McSHANE d/b/a AMERICAN STUDENTS LOAN FORGIVENESS & DEBT RELIEF a/k/a ASLFDEBTRELIEF,<br><br>                  Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

**INTRODUCTION**

Plaintiff, Donald F. Browne, Jr., brings this class action against Defendant, John Mcshane d/b/a American Students Loan Forgiveness & Debt Relief a/k/a aslfdebtrelief, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.      This putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), stems from Defendant's practice of harassing consumers nationwide with automated and prerecorded telemarketing calls and text messages.

2.      Defendant sells student loan application packaging services purportedly designed for the Department of Education's latest Federal Student Loans Consolidation and Loan Repayment

1

Modification Programs.  To drum-up new business, however, Defendant engages in intrusive and unlawful telemarketing campaigns.

3.     Defendant engages in illegal telemarketing, targeting individuals nationwide, without their prior express consent and with little regard for their privacy.

4.     Through this putative class action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals nationwide.  Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in this Court as it regularly conduct business throughout the State of New Jersey.

## PARTIES

7.     Plaintiff Donald F. Browne Jr. ("Plaintiff"), is a natural person who, at all times relevant to this action, was a citizen of New Jersey.

8.     Defendant John McShane d/b/a American Students Loan Forgiveness & Debt Relief a/k/a aslfdebtrelief ("Defendant"), is an individual with an office located at 1100 West Town & Country Road #1250, Orange, California 92868.

9.     Defendant directs, markets, and provides its business activities throughout the United States, including New Jersey.

2

## THE TELEPHONE CONSUMER PROTECTION ACT

10.     The TCPA regulates and restricts the use of automatic telephone equipment.

11.     The TCPA protects consumers from unwanted calls that are made with autodialers and/or prerecorded messages.

12.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or prerecorded message; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

13.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

14.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

15.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing

calls, requiring "prior express **written** consent" for such calls to wireless numbers.  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012)(emphasis supplied).

17.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

18.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

19.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

20.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12);  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

21.     The FCC has explained that calls motivated in part by the intent to sell property, goods,

or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future. Id.*

22.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

23.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

24.     "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients.  A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp., LLC*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. Jan. 30, 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), as revised (May 24, 2016)) (emphasis in original).

## FACTS

25.     On June 29, 2017, Defendant placed an automated call to Plaintiff's cellular telephone ending in - 6084 (the "6084 Number") from the following spoofed[1] telephone number: 609-901-8088.

---

[1] "Spoofing occurs when a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity."  https://www.fcc.gov/consumers/guides/spoofing-and-caller-id.

26.     Plaintiff was disrupted by the call and had to stop what he was doing to answer his phone.

27.     Upon answering the call, Plaintiff encountered a three second delay, which was then followed by a prerecorded message.

28.     The prerecorded message stated if you are interested in loan forgiveness press "1."

29.     Frustrated by this unsolicited call, and determined to learn the identity of the company that was harassing him, Plaintiff pressed the number "1" to speak with a live representative.

30.     Plaintiff was then transferred to an agent of Defendant who asked if Plaintiff had student loans.

31.     The Defendant further stated that he could help him through a program that was passed by former President Obama in 2010.

32.     In response, Plaintiff asked Defendant's agent what company he was calling from because he would not want to do business with anyone unless he knew the name of the company and could look them up online.

33.     Defendant's agent said the company was called "American Student Loan Forgiveness" and that they are located in California.

34.     During the call, Plaintiff searched the name on google, which generated the website www.americanstudentloanforgiveness.com.

35.     Plaintiff then asked Defendant's agent for a website address and the agent stated "aslfdr.com."

36.     Upon entering this website address, Plaintiff was automatically redirected to www.americanstudentloanforgiveness.com.

37.     Plaintiff explained to the agent that he wanted to review the website.

38.     Defendant's agent responded that his name is Alex B. and his direct number was 657-235-5083 ("Defendant's Number").

39.     Plaintiff did not call back Alex B. or provide any type of consent to be contacted again.

40.     Nevertheless, on October 19, 2017, Defendant again intruded upon Plaintiff's privacy by autodialing Plaintiff on his cell phone.

41.     To make matters even worse, Defendant further harassed Plaintiff by sending him an unsolicited text message that very same day as follows:



42.     Defendant's calls and text messages constitute telemarketing as Defendant was attempting to market and sell its student loan services.

43.     Plaintiff has never had any type of relationship with Defendant.

44.     Plaintiff has never provided his telephone number to Defendant.

45.     At no point in time did Plaintiff provide Defendant with his express written consent or express consent to be contacted using an ATDS or a prerecorded message.

46.     Plaintiff is the subscriber and sole user of the 6084 Number, and is financially responsible for phone service to the 6084 Number.

47.     Other recipients of Defendant's unsolicited calls, aggravated by the nuisance, disruption, and invasion of their privacy, have voiced their complaints in various on-line forums.  The

following is a small sample of the complaints posted by consumers relating to Defendant's Number and

American Student Loan Forgivenss.com:

- January 9, 2017.  Called my cell phone - went to voice mail - pre-recorded message from American Student Loan Forgiveness.

- January 19, 2017:  Same as others I've seen posted. Repeated calls really student loans. After graduating from college 35 yrs ago, my student loans were long, long ago. Warning** if you are wise and you have student loans to repay keep them w/the govt. assurer of the loan to afford yourself of their protections vs the non-protections. These people have been told ad nauseum to remove my number & have been reported to the do not call people. This is the gd it's done.

- January 19, 2017: Calls every day and leaves a Pre-recorded message. When number is called back no one answers.

- February 29, 2017; Called offering a student loan forgiveness, which is odd since I never went to college.....

- March 3, 2017:  Millionth spam robocall about student loan forgiveness.

- March 9, 2017:  (657)235-5046 Irvine, Ca: Robo call leaves message: "Hi I'm calling from ~American Student Loan Forgiveness~; you've been pre-approved for student debt relief and we'd like to work with you in getting this accomplished; If you'd like to speak to a live representative, you can call us back at (657)235-5043 or toll free at (800)-743-9469 or find us on the web at: americanstudentloanforgiveness.com I don't have any student debt...this is a SCAM!! They are calling me DAILY!! Report them to DoNotCall.Gov!!! BEWARE!!!

- March 10, 2017: Caller ID shows: Irvine Ca (657)235-5046: Continuous calls from "American Student Loan Forgiveness"....Finally blocked these idiots. This is a SCAM! Phishing for your information. Reported to DoNotCall.gov AGAIN!

- March 14, 2017: Same message about student loan forgiveness. No student loan to forgive.

- March 15, 2017: Student loan forgiveness. I didn't go to college ! Live alone. Just more bs!! Thieves.

- March 19, 2017:  Called 3 times in 3 days.

- March 20, 2017:  Got several calls from 6572355046 and I do not have any student loans. I just recently retired.

- March 20, 2017:  Scam message about student loans. No loans here. Number blocked.

- March 21, 2017: Calls daily on my cell and home phone. They have been blocked on my cell. I am working on having them blocked on my home phone.

- March 22, 2017:  they constantly call one call after the other and you cant even understand the people you are talking to

- March 23, 2017:  Called from this number but my message said call back to our direct line@ 567 235 5043 or toll free 1 800 743 9408. Everywhere I looked had exactly same messages EXCEPT the last 4 digits of direct AND toll free were different. I didn't go to college, but common sense says another BIG nest of scammers! What percentage, if any goes toward your student loan? If you went to college and fall for this, you should get your tuition refunded.

- March 24, 2017:  I get calls from this number multiple times a day from various numbers about Student Loan help.[2]

48.    The fact that other individuals have received the same prerecorded messages as Plaintiff demonstrates that Defendant has used prerecorded messages to harass thousands of individuals.

49.    Further, the impersonal and generic nature of Defendant's calls and prerecorded messages demonstrates that Defendant utilized an ATDS in making the calls.

50.    Upon information and belief, Defendant utilized a combination of hardware and software systems to make the calls at issue in this case.  The systems utilized by Defendant have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

51.    Through its telemarketing calls, Defendant violated Plaintiff's substantive rights under the TCPA.

52.    Further, Plaintiff suffered the following injuries:

---

[2] https://800notes.com/Phone.aspx/1-657-235-5046.

    a.   Invasion of his privacy;

    b.   Inconvenience;

    c.   Unwanted occupation of his time and mental energy;

    d.   Unwanted occupation of his cellular telephone;

    e.   Nuisance;

    f.   Trespass on his cellular telephone; and

    g.    Aggravation and annoyance.

## CLASS ALLEGATIONS

### PROPOSED CLASS

53.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

54.    Plaintiff brings this case on behalf of a Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a telephone call or text message made through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, promoting Defendant's goods or services, to said person's cellular telephone number, who had not expressly consented in writing to receiving such calls.**

55.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

56.    Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States

without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

57.     Upon information and belief, Defendant has sent text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

58.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

59.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;
>
> (2) Whether Defendant made non-emergency prerecorded calls to Plaintiff's and Class members' cellular telephones;
>
> (3) Whether Defendant can meet its burden of showing that it obtained prior express consent to make such calls;
>
> (4) Whether Defendant's conduct was knowing and willful;
>
> (5) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (6) Whether Defendant should be enjoined from such conduct in the future.

60.     The common questions in this case are capable of having common answers. If Plaintiff's

11

claim that Defendant routinely violates the TCPA is correct, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

TYPICALITY

61.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

PROTECTING THE INTERESTS OF THE CLASS MEMBERS

62.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

63.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

64.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

65.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

66.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

67.     Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make marketing telephone calls to the cellular telephones of Plaintiff and Class Members.

68.     Defendant – or third parties directed by Defendant – made prerecorded or artificial voice calls to the cellular telephones of Plaintiff and Class Members.

69.     These calls were made without regard to whether Defendant had first obtained express written consent to make such calls. In fact, Defendants did not have prior express written consent to call the cell phones of Plaintiff and Class Members when the subject calls were made.

70.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or an artificial or prerecorded voice to make marketing telephone calls to the cell phones of Plaintiff and Class Members without their prior express written consent.

71.     As a result of Defendant's conduct, and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
#### (On Behalf of Plaintiff and the Class)

72.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

73.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

74.     Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system, and/or that it was using an artificial or prerecorded voice in violation of the TCPA.

75.     Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed/prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

76.     As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §

227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an automatic telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.


Dated: November 20, 2017                 **DeNITTIS OSEFCHEN PRINCE, P.C.**


                                         By:    /s/ Ross H. Schmierer
                                                Ross H. Schmierer, Esq.
                                                Stephen P. DeNittis, Esq.
                                                525 Route 73 North, Suite 410
                                                Marlton, New Jersey 08053
                                                (T): (856) 797-9951
                                                rschmierer@denittislaw.com

                                                *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding.

Dated: November 20, 2017                    **DeNITTIS OSEFCHEN PRINCE, P.C.**


By:      *s/ Ross H. Schmierer*
         Ross H. Schmierer, Esq.
         Stephen P. DeNittis, Esq.
         525 Route 73 North, Suite 410
         Marlton, New Jersey 08053
         (T): (856) 797-9951
         rschmierer@denittislaw.com

         *Attorneys for Plaintiff*